IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RALPH WARREN GOLDEN,

     Petitioner,

v.                                     CASE NO. 1:18-cv-245-MW-GRJ

SECRETARY, FLA. DEPT. OF
CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate presently confined at Union CI, initiated this case by filing a ECF No. 1, a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Petition stems from Petitioner's 2004 Alachua County convictions of burglary, robbery, grand theft, and resisting an officer, for which Petitioner is serving a 40-year sentence as a violent career offender.

The Petition is deficient because it is unsigned.  Further, Petitioner failed to either pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed as a pauper.  Even if the Petition were signed, it would be stricken as deficient.  As an inmate in custody pursuant to a state criminal conviction, Petitioner is subject to the requirements of 28 U.S.C. § 2254 and is required to use the § 2254 petition form.  In the interest of judicial

economy, the Court will not require Petitioner to correct these deficiencies because it is clear that the Petition is due to be dismissed as successive.

Petitioner has previously sought federal habeas corpus relief from this same state conviction.  *See Golden v. Sec'y, DOC*, Case No. 1:10-cv-113-MP-GRJ, ECF No. 59 (N.D. Fla. 2013) (denying petition and denying a COA), ECF No. 73 (11th Circuit denial of COA).  In order to file a second or successive § 2254 petition challenging the same conviction, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely).  Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Petitioner has not demonstrated that he has obtained the requisite authorization from the Eleventh Circuit to file a successive habeas petition, nor does this Court's review of the PACER case index reflect that he has done so.  In November 2017, Petitioner filed an emergency application for

leave to file a successive habeas corpus petition, but the Eleventh Circuit denied the motion.  *See In Re: Ralph Golden,* Case No. 17-14914 (11th Cir. Nov. 21, 2017).  Because Petitioner has failed to obtain leave to file a successive federal habeas petition, this Court lacks authority to consider his Petition.

Accordingly, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus, construed as a petition pursuant to 28 U.S.C. § 2254, ECF No. 1, be **DISMISSED** for lack of jurisdiction and the Clerk be directed to send Petitioner the forms necessary to seek authorization from the Court of Appeals to file a second or successive petition.

**IN CHAMBERS** this 18th day of December 2018.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.